**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| JAMES ANTHONY WILKINS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-00100-PLC |
| | ) | |
| JOSEPH HANN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on review of plaintiff James Anthony Wilkins, Jr.'s amended complaint, pursuant to 28 U.S.C. § 1915. Having reviewed the amended complaint, and for the reasons discussed below, the Court will order pro se plaintiff to file a second amended complaint within thirty days.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v.*

*Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## Background

Plaintiff is a self-represented litigant who filed a civil action pursuant to 42 U.S.C. § 1983. Along with the complaint, he filed a motion for leave to proceed in forma pauperis, which was granted. Plaintiff named Cape Girardeau Police Officer Joseph Hann and U.S. Marshal Clark Meadows as defendants. He accused Officer Hann of shooting him in the chest, and Deputy Meadows of firing shots at him. He further claimed that Officer Hann and Deputy Meadows defamed and slandered him. As a result, plaintiff sought $40 million in damages.

2

The Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915 and determined that it was subject to dismissal. Specifically, plaintiff had failed to allege the capacity in which he was suing defendants, meaning that the Court was required to assume that defendants were sued in their official capacities only. However, plaintiff had failed to state an official capacity claim. The Court further noted that plaintiff had not stated an excessive force claim under the Fourth Amendment, because his facts did not show that defendants' actions were unreasonable.

Rather than dismiss the action, the Court directed plaintiff to file an amended complaint, according to the instructions set forth in the order. Plaintiff complied by filing an amended complaint (Docket No. 6).

## The Amended Complaint

Plaintiff's amended complaint is brought pursuant to 42 U.S.C. § 1983. The complaint names Sergeant Joseph Hann of the Cape Girardeau Police Department and Deputy Clark Meadows of the U.S. Marshals Service, as defendants. (*Id.* at 2-3.) Sergeant Hann and Deputy Meadows are sued in both their individual and official capacities.

In the "Statement of Claim," plaintiff asserts that he was at the Town House Inn in Cape Girardeau, Missouri, on February 28, 2015. (*Id.* at 3.) He states that Sergeant Hann and Deputy Meadows went to the Town House Inn to serve a him with a Mississippi warrant. Plaintiff admits that he had a gun. Nevertheless, he asserts that he "posed no [threat] to the officers." He claims he put the gun down, put his hands up, and "asked them not to [shoot]" him. However, plaintiff alleges that when he "came out of the bathroom" Sergeant Hann shot him in the chest "with excessive force." He further claims that Deputy Meadows also shot at him but did not strike him. (*Id.* at 4.)

3

Beyond this incident, plaintiff alleges that both Sergeant Hann and Deputy Meadows "performed defamation of character" and "told conflicted and fabricated [stories] under oath about what happened." He asserts that he is "a victim of a cover up" and was discriminated against based on his race. Plaintiff also makes claims regarding a search warrant that was obtained after he was taken to the hospital, and states that Sergeant Hann and Deputy Meadows conspired to commit "treason against the Constitution…for their own personal and financial interest."

As a result of the February 28, 2015 event, plaintiff suffered a gunshot wound to the left side of his chest. He seeks $40 million in damages. (*Id.* at 5).

### Discussion

**A. Deficiencies in Amended Complaint**

As previously noted, plaintiff's amended complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B). To begin, despite asserting official capacity claims against defendants, plaintiff has not presented any factual allegations in support of any official capacity claim. An official capacity claim against an individual is actually a claim against that individual's employer. *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017) (stating that an official capacity claim is actually "against the governmental entity" employing the individual). However, plaintiff has not demonstrated that his constitutional rights were violated due to an unconstitutional policy, custom, or failure to train on the part of the governmental entities employing defendants. *See Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing official capacity claims as "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

With regard to plaintiff's allegations that defendants fabricated evidence, racially discriminated against him, and "conspired to commit treason against the Constitution," plaintiff

has stated only legal conclusions.  Such conclusory pleading is not entitled to the presumption of truth and is not sufficient to state a claim.  *See Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010) (explaining that to state a cause of action, "[a] pleading that merely pleads labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of factual enhancement will not suffice").

Finally, with respect to plaintiff's excessive force claim against both defendants, the issue whether force is excessive under the Fourth Amendment requires a determination of whether or not law enforcement officers' actions were "objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Ellison v. Lesher*, 796 F.3d 910, 916 (8th Cir. 2015).  Factors that are relevant to the reasonableness of an officer's conduct include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Burnikel v. Fong*, 886 F.3d 706, 710 (8th Cir. 2018).

Here, plaintiff rests his excessive force claim on his allegation that he was shot while holding his hands up.  He has not, however, provided anything more in terms of factual context to demonstrate unreasonableness.  Plaintiff admits to having a gun and states he "came out of the bathroom and showed my hand."  While he states that he posed no threat, there are no factual assertions showing the circumstances occurring around the time he left the bathroom, such as facts tending to demonstrate that, as he left the bathroom:  plaintiff calmly and diligently complied with law enforcement directives, plaintiff was not attempting to resist  or evade arrest, or plaintiff was not holding or using the gun in a threatening manner.  Indeed, the Court notes that, in relation to this incident, plaintiff was convicted by a jury of: (1) forcibly assaulting/resisting/impeding law enforcement officers with a dangerous weapon, and (2) possessing a firearm in furtherance of a

crime of violence.  *See United States v. Wilkins*, No. 1:15-cr-46-SNLJ (E.D. Mo. Aug. 29, 2019).

To support an excessive force claim under Section 1983, it is not enough for plaintiff to simply

show that he was shot by law enforcement officers.  *See Thompson v. Dill*, 930 F.3d 1008, 1013

(8th Cir. 2019) (stating that "it is not constitutionally unreasonable to use deadly force if an officer

has probable cause to believe that the suspect poses a threat of serious physical harm, either to the

officer or others").  Rather, he needs to present enough facts to establish that the shooting was an

unreasonable use of force under the circumstances.  The amended complaint does not accomplish

this.

### B.  Amendment Instructions

Because plaintiff is proceeding as a self-represented litigant, he will be given an

opportunity to file a second amended complaint according to the instructions set forth below.

Plaintiff should type or neatly print his second amended complaint on the Court's civil

rights form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by

pro se plaintiffs or petitioners should be filed on Court-provided forms").  If the second amended

complaint is handwritten, the writing must be legible. In the "Caption" section of the Court-

provided form, plaintiff should clearly name each and every party he is intending to sue.  *See* Fed.

R. Civ. P. 10(a) ("The title of the complaint must name all the parties").  If there is not enough

room in the caption, plaintiff may add additional sheets. However, all the defendants must be

clearly listed.  Plaintiff should fill out the complaint form in its entirety.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of

the factual allegations supporting his claim.  *See* Fed. R. Civ. P. 8(a).  Plaintiff should put each

claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a

single set of circumstances."  *See* Fed. R. Civ. P. 10(b).  Plaintiff should begin by writing the

defendant's name.  In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant.  If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

It is necessary that plaintiff allege facts demonstrating the personal responsibility of the defendant for harming him.  *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights").  Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action."  *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).  With regard to plaintiff's excessive force claim in particular, plaintiff must allege facts – not conclusions – demonstrating that defendants' use of force against him was unreasonable.

If plaintiff names more than one defendant, it is important that he establish the responsibility of each separate defendant for harming him.  That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights.  It is not enough for plaintiff to make general allegations against all the defendants as a group.  Rather, plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can receive notice of what he or she is accused of doing.  *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both.  The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.  Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant.  Plaintiff is warned that the filing of a second amended complaint **completely replaces** the original complaint, as well as the first amended complaint.  This means that claims that are not re-alleged in the second amended complaint will be deemed abandoned. *See*, *e.g.*, *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").  If plaintiff fails to file a second amended complaint on a Court-provided form within thirty days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall file a second amended complaint on the Court-provided form within **thirty (30) days** after the date of this Order.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, this action will be dismissed without prejudice and without further notice.

**IT IS FINALLY ORDERED** that, upon the filing of the second amended complaint, the

Court will review it pursuant to 28 U.S.C. § 1915(e)(2).

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 26th day of June, 2020