**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | |
|---|---|
| JAMES ANTHONY WILKINS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-cv-00100-PLC |
| ) | |
| JOSEPH HANN, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on its own motion. On June 26, 2020, the Court ordered plaintiff to file a second amended complaint within thirty days. (Docket No. 7). Plaintiff has failed to comply. Therefore, for the reasons discussed below, this action will be dismissed without prejudice. *See* Fed. R. Civ. P. 41(b).

**Background**

Plaintiff is a self-represented litigant who filed a civil action pursuant to 42 U.S.C. § 1983 on June 21, 2019. (Docket No. 1). Along with the complaint, he also filed a motion for leave to proceed in forma pauperis. (Docket No. 2). In the complaint, plaintiff accused Cape County Police Officer Joseph Hann of shooting him in the chest, and U.S. Marshal Clark Meadows of firing shots at him. As a result, plaintiff sought $40 million in damages.

The Court granted plaintiff's motion for leave to proceed in forma pauperis. (Docket No. 5). The Court also reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915. In so doing, the Court observed that plaintiff's complaint was subject to dismissal because plaintiff had failed to allege the capacity in which he was suing defendants. As such, the Court was required to assume that plaintiff's complaint stated only official capacity claims. *See Baker v. Chisom*, 501 F.3d 920,

923 (8th Cir. 2007) (stating that if a complaint is silent as to the capacity in which a defendant is sued, then the complaint is interpreted as including only an official capacity claim). However, plaintiff's facts failed to state claim against defendants in their official capacities. Rather than dismissing outright, the Court allowed plaintiff to file an amended complaint.

Plaintiff filed his amended complaint on September 18, 2019, again naming Officer Hann and Deputy Meadows as defendants. (Docket No. 6). In the amended complaint, plaintiff alleged that Officer Hann shot him in the chest with "excessive force," and that Deputy Meadows shot at him but did not strike him.

On June 26, 2019, the Court reviewed the amended complaint pursuant to 28 U.S.C. § 1915. As before, the Court determined that plaintiff's amended complaint was subject to dismissal. First, the Court noted that despite asserting official capacity claims, plaintiff had not demonstrated that the governmental entities employing defendants were liable for violating his constitutional rights. *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017) (stating that an official capacity claim is actually "against the governmental entity" employing the individual); and *Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing official capacity claims as "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Second, the Court observed that plaintiff's allegations regarding fabricated evidence, racial discrimination, and conspiracy were entirely conclusory. Finally, with regard to the excessive force claim, the Court explained that plaintiff's facts had not demonstrated that the officers' use of force was unreasonable. That is, plaintiff acknowledged that he was in a bathroom with a gun when Officer Hann and Deputy Meadows attempted to serve a warrant on him.

Because plaintiff had made serious allegations, the Court gave him an opportunity to file a second amended complaint. The Court's order gave plaintiff instructions on drafting the second amended complaint, and also directed the Clerk of Court to send him a prisoner civil rights complaint form. Plaintiff was given thirty days in which to comply. He was advised that the failure to comply would result in the dismissal of this action without prejudice and without further notice.

### Discussion

As noted above, on June 26, 2020, the Court ordered plaintiff to file a second amended complaint within thirty days. The second amended complaint was due by July 27, 2020. In the order, plaintiff was advised that failure to comply with the Court's order would result in the dismissal of this action without prejudice and without further notice.

The deadline for plaintiff to file his amended complaint has expired. In fact, the Court has given plaintiff substantially more than thirty days in which to respond. Nonetheless, plaintiff has failed to submit a second amended complaint as directed. He has also failed to file a motion with the Court seeking an extension of time in which to comply. Indeed, since the filing of his first amended complaint, the Court has had no further communications from plaintiff whatsoever.

Under Rule 41(b), an action may be dismissed for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b). *See also Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (stating that district court may dismiss a pro se litigant's action for failure to comply with a court order on its own initiative). Because plaintiff has not complied with the Court's order of June 26, 2020, or filed any type of motion seeking an extension of time in which to comply, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for failure to comply with the Court's order of June 26, 2020. *See* Fed. R. Civ. P. 41(b). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 25th day of August, 2020.

                                                                             JOHN A. ROSS
                                                                             UNITED STATES DISTRICT JUDGE